UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-1061-BRO (SP) | Date | October 20, 2014 |
|---|---|---|---|
| Title | FEDERICO ROSAS v. T. STREETER, et al. | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly Carter | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): | |
| None Appearing | None Appearing | |

**Proceedings:**   (In Chambers) Order to Show Cause Why Complaint Should Not Be Dismissed as Time-Barred

On July 10, 2014, plaintiff Federico Rosas initiated this action by lodging a civil rights complaint under 42 U.S.C. § 1983, which complaint was subsequently filed on July 25, 2014. Plaintiff alleges that sheriff's deputies violated his civil rights while he was incarcerated at the Orange County Central Men's Jail in 2005, 2006, 2007, and 2008. He alleges that two of the defendants assaulted him in March 2005, and that one of these defendants continued to threaten and harass him in 2006 and 2007. He also alleges that on March 24, 2008, two other defendants assaulted him, and continued to threaten him in the days that followed. The last date plaintiff alleges that any of the conduct at issue occurred was in March 2008.

Section 1983 does not specify a statute of limitations. Accordingly, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (borrowing California's statute of limitations for personal injury actions in § 1983 suits). In California, the applicable statute of limitations is two years for personal injury claims that accrued on or after January 1, 2003. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954-955 (9th Cir. 2004). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Knox v. Davis*, 260 F.3d 1009, 1013 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-1061-BRO (SP) | Date | October 20, 2014 |
|---|---|---|---|
| Title | FEDERICO ROSAS v. T. STREETER, et al. | | |

Cir. 2001) (citation omitted).

Here, according to the allegations in the complaint, the last date on which any of plaintiff's claims could have accrued was in March 2008. Plaintiff alleges that, after the March 24, 2008 assault, defendant Cass continued to harass him in "the days that followed." Complaint at 5. Plaintiff alleges that he then appeared in court in his criminal case "with fresh signs of being assaulted," and his public defender raised the issue with the court. *Id.* at 6. Plaintiff was thereafter given medical attention, an investigator began documenting what happened and photographed plaintiff's injuries, and plaintiff was transferred to a different jail facility. *Id.* It therefore appears all of plaintiff's claims accrued no later than March 2008, more than six years before he initiated this action on July 10, 2014.

Since plaintiff was in custody during the period his claims accrued, he is entitled to some tolling of the statute of limitations. It appears from the Complaint that plaintiff has been continuously in custody since his last claim accrued, and as such, he is entitled to two years of tolling. *See* Cal. Code Civ. Proc. § 352.1(a) (tolling statute of limitations for up to two years during period of imprisonment). Thus, the statute of limitations would not have begun to run until March 2010.

It does not appear that plaintiff is entitled to any additional statutory tolling. According to the Complaint, plaintiff had criminal charges pending against him in March 2008. Government Code § 945.3 provides for tolling while criminal charges are pending. But this applies only where the criminal charges are related to the civil claim to be tolled. *See* Cal. Gov't Code § 945.3 (tolling statute of limitations during period criminal charges are pending, provided that the civil claim to be filed against a peace officer or his employing agency is based on conduct of the officer relating to the pending criminal charges against the plaintiff). That does not appear to be the case here, as plaintiff alleges the pending charge against him was for possession of a jail weapon. *See* Complaint at 6. Moreover, even if the criminal charge were related, plaintiff alleges that after the March 2008 incident, his pending criminal charge was dropped without notice, and he was transferred to another jail facility, and then to state prison. *Id.* Thus, it appears plaintiff no longer had any criminal charge pending against him after 2008. As such, any tolling to which plaintiff might arguably be entitled under Government Code § 945.3 would have ended in 2008, long before his tolling period under Code of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-1061-BRO (SP) | Date | October 20, 2014 |
|---|---|---|---|
| Title | FEDERICO ROSAS v. T. STREETER, et al. | | |

Procedure § 352.1(a) ended in March 2010.

In short, it appears the two-year statute of limitations to bring a the instant civil rights claims began running in March 2010 and expired in March 2012.  Consequently, it appears that the Complaint – filed more than two years later – is time-barred and must be dismissed with prejudice on that basis.  But the court will not decide this matter without giving plaintiff an opportunity to respond.

Accordingly, within 30 days of the date of this Order, that is, by **November 19, 2014**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed as time-barred.  Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action with prejudice.  In the event plaintiff wishes to voluntarily dismiss this action, plaintiff may complete and return the enclosed Notice of Dismissal form by November 19, 2014.